**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
XAVIER RICKETTS, *individually and on behalf of*          Case No.
*all others similarly situated,*

                      Plaintiff,          **CLASS AND COLLECTIVE**
                                             **ACTION COMPLAINT**

             -against-

MINGLES EXPRESS LLC d/b/a Mingles Express Grill,
FUSION OF FOODS NY Corp. d/b/a Mingles
Ultra Lounge, RACQUEL HAYNES and
ERROL BROWN,

                      Defendants.
-----------------------------------------------------------------X

      Plaintiff Xavier Ricketts ("Ricketts" or "Plaintiff") alleges on behalf of himself and all

others similarly situated, against Defendants Mingles Express LLC d/b/a Mingles Express Grill

("Restaurant"), Fusion of Foods NY Corp. d/b/a Mingles Ultra Lounge ("Lounge"), Racquel

Haynes ("Haynes") and Errol Brown ("Brown") (collectively, "Defendants") upon information

and belief, as follows:

## <u>NATURE OF THE CLAIMS</u>

1. Defendants' operate the Restaurant and Lounge as joint employers sharing employees

   (including Ricketts) and sharing a common management that is centrally controlled and

   owned by Haynes and Brown.

2. The Restaurant and Lounge's operations are interrelated and unified and involve the same

   common practice of paying employees in cash, paying less than minimum wage, not

   paying overtime, not paying spread-of-hours, and failing to provide a wage notice or

   wage statements with each payment provided.

3.  Ricketts was employed with the Defendants from approximately August 2018 until the onset of the pandemic in March 2020, and again from October 26, 2021 to December 11, 2012.  During Ricketts' stints of employment with the Defendants, Ricketts was not paid minimum wage, overtime or spread-of hours pay.  Furthermore, the Defendants failed to provide Ricketts with a wage notice or wage statements / paystubs with each payment he received.  Lastly, the Defendants retaliated against Ricketts by terminating his employment following his complaints of unpaid wages.

4.  As such, Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), on behalf of Plaintiff individually and all others similarly situated, that they are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) lost wages for retaliation, (4) liquidated damages and (5) attorneys' fees and costs.

5.  Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), on behalf of Plaintiff individually and all others similarly situated, that they are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) unpaid spread-of-hours, (4) lost wages for retaliation, (5) civil damages for statutory wage notice violations, (6) liquidated damages and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Defendants' principal place of business is located in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Plaintiff Xavier Ricketts ("Ricketts") was and is a resident of New York County, New York.

10. Defendant Mingles Express LLC d/b/a Mingles Express Grill ("Restaurant") was and is a domestic limited liability company organized under the laws of the State of New York.

11. The Restaurant was and is authorized to conduct business in the State of New York.

12. The Restaurant was and is located at 4018 Boston Road, Bronx NY 10475.

13. Defendant Fusion Foods of NY Corp. d/b/a Mingles Ultra Lounge ("Lounge") was and is a domestic business corporation organized under the laws of the State of New York.

14. The Lounge was and is authorized to conduct business in the State of New York.

15. The Lounge was and is located at 4012 Boston Road, Bronx NY 10475.

16. Defendant Racquel Haynes ("Haynes"), upon information and belief, was and is a resident of the State of New York.

17. Haynes was and is an Owner of the Restaurant.

18. Haynes was and is an Owner of the Lounge.

19. Haynes exercised control over the employment terms and conditions of the Plaintiff and all similarly situated employees.  Haynes had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff and all similarly situated employees.  At all times, the Plaintiff and similarly situated employees could complain directly to Haynes regarding any of the terms of their employment, and Haynes

would have the authority to effect any changes to the quality and terms of their employment.

20. Defendant Errol Brown ("Brown"), upon information and belief, was and is a resident of the State of New York.

21. Brown was and is an Owner of the Restaurant.

22. Brown was and is an Owner of the Lounge.

23. Brown exercised control over the employment terms and conditions of the Plaintiff and all similarly situated employees.  Brown had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff and all similarly situated employees.  At all times, the Plaintiff and similarly situated employees could complain directly to Brown regarding any of the terms of his employment, and Brown would have the authority to effect any changes to the quality and terms of their employment.

24. At all times relevant times, the Restaurant has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

25. At all relevant times, the Restaurant was and is an "enterprise engaged in commerce" within the meaning of the FLSA, the NYLL and the regulations thereunder.

26. At all times relevant times, the Lounge has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

27. At all relevant times, the Lounge is an "enterprise engaged in commerce" within the meaning of the FLSA, the NYLL and the regulations thereunder.

28. At all relevant times, the work performed by the Plaintiff and all similarly situated employees was directly essential to the businesses operated by the Defendants.

29. The Restaurant and Lounge were and are joint employers.

30. Employees of the Defendants (including Plaintiff) worked at both the Restaurant and the Lounge.

31. Both the Restaurant and Lounge simultaneously benefited from the work of employees (including Plaintiff) that worked at both locations.

32. The Restaurant and the Lounge's operations were interrelated and unified.

33. The Restaurant and the Lounge shared a common management and were centrally controlled and/or owned by Haynes and Brown.

## FLSA COLLECTIVE ALLEGATIONS

34. Plaintiff bring claims for relief as a collective action pursuant to the FLSA, 29 U.S.C § 216(b), on behalf of all non-exempt employees of the Defendants, including but not limited to servers, bartenders, dishwashers, food prepares and line cooks, employed by Defendants at any time from three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

35. The FLSA Collective consists of approximately forty (40) similarly situated current and former non-exempt employees of the Defendants, who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA, *inter alia*, as a result of Defendants' denying them minimum wage and overtime pay.

36. As part of their regular business practices, Defendants have intentionally, willfully, repeatedly, and in bad faith harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, the following:

   a. Failing to pay Plaintiff and the FLSA Collective minimum wage for all hours worked; and

   b. Failing to pay Plaintiff and the FLSA Collective the proper overtime pay for all hours worked over forty hours per week.

37. Defendants have engaged in this unlawful conduct pursuant to a policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

38. Defendants' unlawful conduct has been intentional, willful, in bad faith and has caused damage to Plaintiff and the FLSA Collective.

39. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable by Defendants, and are locatable through Defendants' records, which Defendants are required to maintain pursuant to the FLSA and NYLL. These similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

40. Plaintiff brings claims for relief as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class consisting of themselves and all current and former non-exempt employees the Defendants, including but not limited to servers, bartenders,

dishwashers, food prepares and line cooks, at any time six years prior to the filing of this action through the entry of judgment in this action (the "Rule 23 Class").

41. The persons in the Rule 23 Class are so numerous that joinder of all members is impracticable.  The exact number of the Rule 23 Class is unknown to Plaintiff at this time, but there are believed to be 80 such persons.

42. The identities of the Rule 23 Class members are known to the Defendants and are contained in the employment records that the Defendants are required to create and maintain pursuant to the FLSA and NYLL.

43. Commons questions of law and fact exist as to all members of the Rule 23 Class that predominate over any questions affecting solely individual members.  Among the questions of law and fact common to the Rule 23 Class are:

a.      Whether Defendants failed to pay the Rule 23 Class minimum wage for each hour worked;

b.      Whether Defendants failed to pay the Rule 23 Class overtime compensation at a rate of one-and-one-half times their regular hourly rate/applicable minimum wage rate for all hours worked over forty in a workweek in violation of the NYLL;

c.      Whether Defendants failed to pay the Rule 23 Class spread-of-hours pay for each workday that a shift or shifts exceeded ten hours per day;

e.      Whether Defendants failed to furnish the Rule 23 Class with an accurate statement of all wages, hours worked, rates paid, and gross wages as required by the NYLL and supporting regulations;

f.      Whether Defendants failed to furnish the Rule 23 Class with wage notices as required by the NYLL and supporting regulations; and,

g.      Whether Defendants failed to keep true and accurate pay records, records for all hours/shifts worked by the Rule 23 Class, and other records required by the NYLL.

44. The claims of Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiff and the Rule 23 Class work or have worked for Defendants within the six years prior to the filing of this action. They enjoy the same statutory rights under the NYLL to be paid the correct minimum wage, to be paid overtime wages for all hours worked in excess of 40 in a workweek, to be paid spread-of-hours pay for workdays that their shift or shifts exceeded 10 hours per day, to be given wage notices at the time of hire and annually, and to be issued complete and accurate wage statements along with each payment of wages. Plaintiff and the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

45. Plaintiff and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

46. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

47. Plaintiff has retained counsel competent and experienced in wage and hour litigation and class action litigation.

48. There are no conflicts between Plaintiff and the Rule 23 Class members.

49. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this

litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

50. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## PLAINTIFF'S FACTUAL ALLEGATIONS

51. In approximately August 2018, Ricketts commenced employment with the Defendants, working at the Lounge located at 4012 Boston Road, Bronx NY 10475.

52. Employed as a bartender / server, Ricketts worked exclusively at the Lounge from approximately August 2018 until the onset of the pandemic in March 2020.

53. The Defendants failed to provide Ricketts with a wage notice either upon his hire or annually.

54. From August 2018 to March 2020 at the Lounge, Ricketts' schedule was generally as follows: 5:00 p.m. to 1:00 a.m. on Thursday, 5:00 p.m. to 5:00 a.m. on Friday, Saturday and Sunday, for a total of 4 days per week, 44 hours per week.

55. Ricketts was paid once per week solely in cash.

56. Ricketts was paid $90.00 per day on Thursday and $120.00 per day on Friday, Saturday and Sunday.

57. Roxy (last name currently unknown) – a supervisor for the Defendants' would generally hand Ricketts the cash payment once per week in an envelope.

58. During this time frame (August 2018 to March 2020), Ricketts was not paid minimum wage.

59. During this time frame (August 2018 to March 2020), despite working in excess of 40 hours per week, Ricketts was not paid overtime.

60. During this time frame (August 2018 to March 2020), despite working shifts in excess of ten hours per day, Ricketts was not paid spread-of-hours.

61. Ricketts was also not provided with a wage statement / pay stub with each payment he received.

62. On or about October 26, 2021, Ricketts recommenced employment with the Defendants.

63. At this time, Ricketts worked at the Restaurant, located at 4018 Boston Road, Bronx NY 10475.

64. From October 26, 2021 to December 2021, Ricketts worked as a dishwasher at the Restaurant.

65. Ricketts worked five days per week (Tuesday, Wednesday, Thursday, Friday and Saturday) from 12:00 p.m. to 6:00 p.m., for a total of 6 hours per day, 30 hours per week.

66. During this time frame (October 26, 2021 to December 2021), Ricketts was paid $14.00 per hour, solely in cash.

67. Ricketts was paid less than the minimum wage from October 26, 2021 to December 2021.

68. From January 2022 to March 2022 (for approximately 3 months), Ricketts added food preparing to his dishwashing work.

69. During this 3-month time frame, Ricketts worked 5 days per week (Tuesday, Wednesday, Thursday, Friday and Saturday) from 12:00 p.m. to 9:00 p.m., for a total of 9 hours per week 45 hours per week.

70. Ricketts was still paid $14.00 per hour in cash.

71. As such, Ricketts was paid less than the minimum wage.

72. Furthermore, despite working in excess of 40 hours per week, Ricketts was not paid overtime.

73. In April 2022, Ricketts transitioned to the role of line cook / prepper at the Restaurant.

74. From April to June 2022 at the Restaurant, Ricketts worked 5 days per week, 7 hours per day, for a total of 35 hours per week.

75. Ricketts was paid $14.00 per hour solely in cash.

76. Starting in May 2022, in addition to the Restaurant, Ricketts also worked at the Lounge.

77. Ricketts worked at the Lounge on Friday from 9:00 p.m. to 1:00 a.m. and from 5:00 p.m. to 5:00 a.m. on Saturday and Sunday, for a total of 29 hours per week.

78. For his work at the Lounge, Ricketts was paid $150.00 per day in May and June 2022, $120.00 per day in July 2022 and then $75.00 per day in December 2022. Ricketts' final cash payment in December 2022 was for just $60.00 per day.

79. At the Restaurant, when Amadu Baldwin (Ricketts' supervisor) returned to Africa in July and August 2022, Ricketts' schedule increased to 5 days per week, for a total of 52.5 hours per week.

80. Ricketts was still paid $14.00 per hour solely in cash.

81. From September 2022 to December 2022 at the Restaurant (upon Amadu Baldwin's return), Ricketts' hours were reduced to 35 hours per week.

82. Ricketts' pay increased to $15.00 per hour in September 2022.

83. On multiple occasions, Ricketts complained about not being paid properly to his supervisor – Amadu Baldwin.

84. Amadu Baldwin said he would speak with the owners – Haynes and Brown, but Ricketts needed to do more work if he wanted to get paid more.

85. In December 2022, Brown called Ricketts and said he was removing Ricketts from the schedule until he had a meeting with Haynes and himself.

86. A meeting was tentatively scheduled for Monday, December 19, 2022, but was never held.

87. On January 4, 2023, a meeting was finally held with Ricketts, Haynes, Brown and managers – Amadu Baldwin and Roxy.  In the meeting, Brown told Ricketts that he was fired.

88. Ricketts was terminated in retaliation for his complaints of unpaid wages.

89. The Defendants failed to pay minimum wage to Ricketts, the FLSA Collective and the NYLL Class during their employment.

90. Although Ricketts, the FLSA Collective and the NYLL Class worked over forty hours per week, the Defendants failed to pay them overtime.

91. Although Ricketts and the NYLL Class worked shifts in excess of ten hours per day, the Defendants failed to pay them spread-of-hours pay.

92. The Defendants knowingly and willfully operated their business with a policy of not paying the minimum wage rate.

93. Defendants knowingly and willfully operated their businesses with a policy of not paying the overtime rate (time and a-half).

94. Defendants knowingly and willfully operated their businesses with a policy of not paying spread-of-hours pay.

95. Defendants knowingly and willfully operated their businesses with a policy of not providing proper wage notices pursuant to the NYLL.

96. Defendants knowingly and willfully operated their businesses with a policy of not providing proper wage statements / pay stubs pursuant to the NYLL.


### FIRST CAUSE OF ACTION
**(FLSA – Unpaid Minimum Wage)**
*On Behalf of Plaintiff and the FLSA Collective*

97. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

98. By failing to pay the correct statutory minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

99. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

100.    Defendants' failure to pay minimum wage for all hours worked caused the Plaintiff to suffer loss of wages and interest thereon.  Therefore, Plaintiff is entitled to recover from Defendants his full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
**(NYLL – Unpaid Minimum Wage)**
*On Behalf of Plaintiff and the NYLL Class*

101.    Plaintiff repeats and realleges each and every allegation of the preceding

paragraphs hereof with the same force and effect as though fully set forth herein.

102.    Defendants willfully violated Plaintiff's rights by failing to pay the correct

statutory minimum wage for all hours worked, in violation of the NYLL and regulations

promulgated thereunder.

103.    Defendants' failure to pay minimum wage for all hours worked caused Plaintiff to

suffer loss of wages and interest thereon.  Therefore, Plaintiff is entitled to recover from

Defendants his full unpaid minimum wages, damages for unreasonably delayed payment

of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of

the action pursuant to NYLL § 663(1) *et seq.*

### THIRD CAUSE OF ACTION
**(FLSA – Unpaid Overtime)**
***On Behalf of the Plaintiff and the FLSA Collective***

104.    Plaintiff repeats and realleges each and every allegation of the preceding

paragraphs as though they were fully set forth herein.

105.    By failing to pay overtime at a rate not less than one and one-half (1.5) times the

regular rate of pay for work performed in excess of 40 hours per week, Defendants have

violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C.

§§ 207(a)(1) and 215(a)(2).

106.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA

within the meaning of 29 U.S.C. § 255(a).

107.    Defendants' failure to pay overtime caused Plaintiff to suffer loss of wages and

interest thereon.  Plaintiff is entitled to recover from Defendants his unpaid overtime

premium compensation, damages for unreasonably delayed payment of wages, liquidated

damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant
to 29 U.S.C. § 216(b).

### FOURTH CAUSE OF ACTION
**(NYLL – Unpaid Overtime)**
*On Behalf of Plaintiff and the NYLL Class*

108.    Plaintiff repeats and realleges the preceding paragraphs as though they were fully
set forth herein.

109.    Defendants willfully violated the Plaintiff's rights by failing to pay overtime
compensation at a rate of not less than one and one-half times the regular rate of pay for
hours worked in excess of 40 each week, in violation of the NYLL and the regulations
promulgated thereunder.

110.    Defendants' failure to pay overtime premium compensation caused the Plaintiff to
suffer loss of wages and interest thereon.  The Plaintiff is entitled to recover from the
Defendants his unpaid overtime compensation, damages for unreasonably delayed
payment of wages, liquidated payment of wages, liquidated damages, reasonable
attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 666(3) *et
seq*.

### FIFTH CAUSE OF ACTION
**(NYLL – Unpaid Spread of Hours)**
*On Behalf of Plaintiff and the NYLL Class*

111.    Plaintiff repeats and realleges each and every allegation of the preceding
paragraphs hereof with the same force and effect as though fully set forth herein.

112.    Defendants willfully violated Plaintiff's rights by failing to pay compensation in
an amount equal to one hour's pay at the relevant minimum wage in all instances where
the Plaintiff worked either a split shift or more than 10 hours per day, in violation of the

NYLL §§ 650 *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. &Regs. Tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

113.    Defendants' failure to pay spread of hours compensation caused Plaintiff to suffer loss of wages and interest thereon.  Plaintiff is entitled to recover from Defendants unpaid spread of hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL § 663(1) *et seq.*

**SIXTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Notice)**
***On Behalf of Plaintiff and the NYLL Class***

114.    Plaintiff repeats and realleges the preceding paragraphs as though they were fully set forth herein.

115.    Defendants have willfully failed to supply the Plaintiff with a wage notice as required by NYLL, Article 6, § 195(1), at the time of hire or annually, containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission other; the regular pay day designated by the employer; the name of the employer; the physical address of the employer and the telephone number of the employer.

116.    Due to the Defendants' violations of the NYLL, the Plaintiff is entitled to recover from Defendants fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Statements)
### *On Behalf of Plaintiff and the NYLL Class*

117.     Plaintiff repeats and realleges the preceding paragraphs as though they were fully set forth herein.

118.     Defendants have willfully failed to provide the Plaintiff with proper wage statements as required by NYLL Article 6 § 195 (3) with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employer; address and phone number of employer' rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary or other; gross wages; deductions; and net wages.

119.     Due to the Defendants' violations of the NYLL, the Plaintiff is entitled to recover from Defendants two hundred fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## EIGHTH CAUSE OF ACTION
### (FLSA – Retaliation)
### *On Behalf of Plaintiff Only*

120.     Plaintiff repeats and realleges the preceding paragraphs as though they were fully set forth herein.

121.     Plaintiff was an employee of Defendants within the meaning of the FLSA.

122.     Defendants were employers of the Plaintiff within the meaning of the FLSA.

123.    29 U.S.C. § 215(a) (3) prohibits any person, "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

124.    While employed by Defendants, the Plaintiff complained to Defendants about Defendants' unlawful employment practices, including Defendants' failure to pay the Plaintiff minimum wage and overtime.

125.    Plaintiff's complaints constitute protected activity under the FLSA.

126.    After and as a result of the Plaintiff's complaints, Defendants terminated Plaintiff's employment.

127.    A causal connection exists between the Plaintiff's complaints of Defendants' unlawful pay practices and Defendants' termination of Plaintiff's employment.

128.    Defendants violated 29 U.S.C. § 215(a) (3) by terminating the Plaintiff's employment in retaliation for Plaintiff's complaints of Defendants' unlawful pay practices.

129.    Due to Defendants' violations of 29 U.S.C. § 215(a)(3), the Plaintiff is entitled to recover his lost wages and other compensatory damages, liquidated damages in an amount equal to their lost wages, pre-judgment and post-judgment interest, along with reasonable attorneys' fees, costs and injunctive and declaratory relief.

## NINTH CAUSE OF ACTION
### (NYLL – Retaliation)
***On Behalf of Plaintiff Only***

130.    Plaintiff repeats and realleges the preceding paragraphs as though they were fully set forth herein.

131.     Plaintiff is an employee of Defendants within the meaning of the NYLL.

132.     Defendants are employers of the Plaintiff within the meaning of the NYLL.

133.     NYLL § 215(1) states, in part, "No employer or his or her agent, or the officer of

agent of any corporation, partnership, or limited liability company…shall discharge,

threaten, penalize or in any other manner discriminate or retaliate against any employee (i)

because such employee has made a complaint to his or her employer…or his or her

authorized representative…that the employer has engaged in conduct that the employee,

reasonably and in good faith, believes violates any provision of this chapter…[or] (iii)

because such employee has caused to be instituted or is about to institute a proceeding

under or related to this chapter…or (v) because such employee has otherwise exercised

rights protected under this chapter…"

134.     While employed by the Defendants, the Plaintiff complained to the Defendants

about Defendants' unlawful practices, policies and procedures of not being paid proper

wages.

135.     Plaintiff's complaints to Defendants constitute protected activity under NYLL §

215.

136.     A causal connection exists between the Plaintiff's complaints of improper pay

practices and Plaintiff's termination.

137.     Defendants violated NYLL § 215 by retaliating against the Plaintiff by terminating

his employment due to his complaints about Defendants' unlawful pay practices, policies

and procedures.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the FLSA Collective and Rule 23 Class, respectfully requests that this Court GRANT the following relief:

A. Designating this action as a collective action on behalf of the FLSA Collective and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated non-exempt employees and appointing Plaintiff and their counsel to represent the FLSA Collective.  Such notice shall inform them that this civil action has been filed, the nature of the action, and their right to join this lawsuit if they believe they were denied proper wages;

B. Certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Rule 23 Class and appointing Plaintiff and their counsel to represent the class;

C. Issuing an order tolling the statute of limitations;

D. A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

E. An injunction against Defendants' and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

F. An award of compensatory damages as a result of Defendants' failure to pay minimum wage pursuant to the FLSA, NYLL and supporting regulations;

G. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA, NYLL and supporting regulations;

H. An award of compensatory damages as a result of Defendants' failure to pay spread-

of-hours pay pursuant to the NYLL and supporting regulations;

I.  An award of lost wages as a result of Defendants' retaliation pursuant to the FLSA, NYLL and supporting regulations;

J.  An award of liquidated damages as a result of Defendants' willful failure to pay minimum wage, overtime and spread-of-hours compensation pursuant to the FLSA and NYLL;

K.  An award of liquidated damages as a result of Defendants' retaliation pursuant to the FLSA and NYLL;

L.  An award of $5,000.00 for each Plaintiff in statutory damages for the Defendants' failure to provide a proper wage notice upon Plaintiff's hire or annually pursuant to the NYLL;

M.  An award of $5,000.00 for each Plaintiff in statutory damages for the Defendants' failure to provide wage statements with each payment Plaintiff received pursuant to the NYLL;

N.  An award of prejudgment and post-judgment interest;

O.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

P.  Such other relief as this Court deems just and proper.

Dated: January 30, 2023
New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*

_____

Robert D. Salaman
45 Broadway, Suite 1420

New York, NY 10006
(212) 825-1400
rob@akinlaws.com

*Counsel for Plaintiff*